**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MIKHAIL KHOSHAN, individually and on behalf of himself and all others similarly situated, | No. 12-55800 |
| Plaintiff - Appellant, | D.C. No. 2:12-cv-01462-DSF-JC |
| v. | MEMORANDUM[*] |
| ROSS MORGAN & COMPANY, INC.; et al., | |
| Defendants - Appellees, | |
| And | |
| CENTURION GROUP, LLC; et al., | |
| Defendants. | |

Appeal from the United States District Court
for the Central District of California
Dale S. Fischer, District Judge, Presiding

Submitted April 7, 2014[**]

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Before: TASHIMA, GRABER, and IKUTA, Circuit Judges.

Mikhail Khoshan appeals from the district court's judgment dismissing his putative class action against his homeowners association and other private parties alleging constitutional violations, among other claims. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005), and we affirm.

The district court properly dismissed Khoshan's constitutional claims because Khoshan failed to allege facts sufficient to show that defendants' actions constituted state action. *See George v. Pac.-CSC Work Furlough*, 91 F.3d 1227, 1229 (9th Cir. 1996) (per curiam) ("Individuals bringing actions against private parties for infringement of their constitutional rights . . . must show that the private parties' infringement somehow constitutes state action.").

The district court did not abuse its discretion by dismissing Khoshan's claims without leave to amend because Khoshan cannot correct the defects in his complaint. *See Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc) (setting forth standard of review and explaining that leave to amend should be given unless the deficiencies in the complaint cannot be cured by amendment).

We reject Khoshan's unfounded contentions concerning judicial bias.

**AFFIRMED.**